# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EDWARDO BALDERRAMA,

    Plaintiff,

v.                                                           Civ. No. 18-134 KRS/GBW

CITY OF ALAMOGORDO, *et al.*,

    Defendants.

## ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND ORDERING PAYMENT OF FEES

This matter comes before the Court on Defendants' Motion for Protective Order and the attendant briefing. *Docs. 51, 56, 57, 58*. For the reasons that follow, the Court hereby GRANTS in part Defendants' Motion for Protective Order (*doc. 51*).

On October 5, 2018, Defendants filed a Motion to Stay (*doc. 40*), pending resolution of Defendants' Motion for Summary Judgment Based on Qualified Immunity (*doc. 39*). In Plaintiff's Response to Defendants' Motion to Stay, and in Plaintiff's Rule 56(d) Response to Defendants' Motion for Summary Judgment (*doc. 41*), Plaintiff sought an exception to the discovery stay that would allow Plaintiff to continue to conduct limited depositions, and argued that these depositions would not be unduly burdensome on Defendants because "all discovery directly related to the remaining depositions granted by the Magistrate Judge would not require Defendants to search for and produce responsive information because documents discovery has already been

completed." *Doc. 42* at 3.

On October 24, 2018, the Court entered an Order that stayed discovery in the instant case but provided for a limited exception in which Plaintiff could nevertheless conduct the depositions of Katie Josselyn and Brian Cesar and reopen the deposition of Margaret Paluch. *Doc. 46*. The Court made no allowance for continued document discovery. *See id.* Despite the limited confines of the Court's discovery allowance, on November 9, 2018, Plaintiff served an Amended Notice of Rule 30(b)(6) Deposition of Katie Josselyn on Defendants, requesting document production in conjunction with that deposition. *See doc. 51-2* at 2-4.

Counsel for Defendants responded to Plaintiff by email the same day, noting that the document production requests in the Amended Notice were contrary to the Court's limited discovery stay exception and contrary to the rules of civil procedure. *Doc. 51-3*. At that time, Defendants suggested rescheduling the deposition in light of the dispute. *Id.* Plaintiff's counsel failed to respond to Defendants' email, so Defendants followed up on November 13, 2018. *Id.* In his response on November 13, 2018, and in subsequent communications, Plaintiff's counsel persisted in stating that he expected documents to be produced at the deposition, which would proceed as scheduled. *Docs. 51-4-9.*

Consequently, on the evening of November 13, 2018, Defendants filed the instant Motion for Protective Order and Notice of Non-Appearance of Katie Josselyn. *Doc. 51*. In their Motion, Defendants argue that, by manufacturing a discovery dispute shortly

before the date of the deposition, Plaintiff waived his right to depose Ms. Josselyn. *Doc. 51* at 4. In addition, Defendants seek a protective order against providing the documents requested in Plaintiff's Amended Notice of Deposition, and request that the Court grant Defendants the fees and costs associated with the Motion and any other relief the Court deems just. *Id*.

In his Response, Plaintiff contends that Defendants waived their right to object to the document requests, because Defendants did not object to the initial October 3, 2018 Notice of Deposition Duces Tecum, but only objected to the November 9, 2018 Amended Notice. *Doc. 56*. However, as Defendants note in their Reply, the discovery stay was not implemented until October 24, 2018, and the Court's Order made clear that the exception to the discovery stay was limited to deposing Brian Cesar, Margaret Paluch, and Katie Josselyn. *See generally docs. 46, 58*. Further, in order to secure this exception to the discovery stay, Plaintiff stated that he would not require document discovery. *Doc. 42* at 3.

Under these circumstances, it is clear that Plaintiff may not seek document production pursuant to Rule 30 (or any other Rule of Civil Procedure) while the discovery stay is in place. Plaintiff's demand for documents in connection with the remaining 30(b)(6) deposition is hereby stricken. Nonetheless, the Court will not go so far as to find that Plaintiff has waived his right to depose Ms. Josselyn. That deposition should be conducted promptly and without further delay.

Finally, having ruled on this discovery dispute, the next question is whether costs and fees should be awarded. Upon resolution of motions to compel, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust." *Id*. Defendant is the prevailing party[1] and the Court does not find any of these exceptions applicable. Therefore, Plaintiff must pay to Defendants those reasonable attorney's fees and costs associated with their briefing of this Motion.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion is **GRANTED IN PART** as described above. Defendants shall submit an Affidavit for Attorney's Fees no later than **December 14, 2018**. Should Plaintiff object to the requested fees, such objections must be filed no later than **December 21, 2018**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants' motion was not granted in its entirety because the Court did not impose one of the requested sanctions – waiver of the 30(b)(6) deposition. Nonetheless, Defendants were the "prevailing party" on all substantive issues. Moreover, even if the Court applied Fed. R. Civ. P. 37(a)(5)(C) to this circumstance, it would find that all reasonable expenses should be apportioned to Plaintiff.