# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EDWARDO BALDERRAMA,

    Plaintiff,

v.                                                    Civ. No. 18-134 KRS/GBW

CITY OF ALAMOGORDO, *et al.*,

    Defendants.

## **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR FEES AND COSTS**

This matter comes before the Court on Defendants' Amended Motion to Tax Fees and Costs and the attendant briefing. *Docs. 66, 67*. For the reasons that follow, the Court hereby GRANTS in part Defendants' Motion to Tax Fees and Costs (*doc. 66*).

On December 7, 2018, the Court ordered that Plaintiff pay Defendants those reasonable attorney's fees and costs associated with the briefing of their Motion for Protective Order. *Doc. 61*. On December 14, 2018, Defendants filed a Motion to Tax Fees and Costs. *Doc. 62*. Plaintiff objected to that Motion on the grounds that Defendants' cost bill failed to state the billable rate or the time expended. *Doc. 63*. The Court thereafter ordered Defendants to supplement their Motion to Tax Fees and Costs to include the billable rate and time expended. *Doc. 65*. Defendants filed the instant Amended Motion to Tax Fees and Costs on December 20, 2018. *Doc. 66*. In their Motion, Defendants seek reimbursement of $771.00, the sum of the fees and costs that

Defendants state they expended performing tasks associated with the briefing of their Motion for Protective Order. *Id.*

Plaintiff objects to the $771.00 sum, arguing that Defendants should not recover for those tasks performed before drafting their Motion for Protective Order. *Doc. 67*.[1] Specifically, he notes that parties are required to confer in good faith prior to seeking court intervention and contends that the tasks performed by Defendants before drafting their Motion were part of the good faith communications process. *Id. See* Fed. R. Civ. P. 37(a)(5) (The losing party of a motion will not be compelled to pay the prevailing party those reasonable expenses associated with its briefing if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"). In other words, he contends that Defendants, in order to recover any fees, were first required to engage in good faith discussions, and would have incurred the

---

[1] In particular, Plaintiff objects to the following entries:

    a. 11/9/18 Review of email from Plaintiff's counsel concerning 30(b)(6) duces tecum in the amount of $15.00;
    b. 11/9/18 Responding to Plaintiff's counsel's duces tecum request via email in the amount of $30.00;
    c. 11/9/18 Telephone conference with clients to discuss duces tecum request and other 30(b)(6) deposition matters in the amount of $60.00;
    d. 11/13/18 Email correspondence with Plaintiff's counsel to follow up on duces tecum issue in the amount of $75.00;
    e. 11/13/18 Telephone conference with clients regarding 30(B)(6) issue in the amount of $30.00; and
    f. 11/13/18 Review of pleadings and correspondence in anticipation of possible telephonic status conference in the amount of $75.00.

*Doc. 67* at 1-2. In total, the fees that Plaintiff objects to equal $285.00.

fees associated with the conferral process even if the parties had resolved the dispute without a motion.

Plaintiff's point is valid. Moreover, awarding fees for good faith conferral efforts could discourage resolution of difficult or contentious discovery issues. These considerations have led to many courts excluding time spent in good faith meet and confer efforts. *See Lifetime Products, Inc. v. Russell Brands*, LLC, 2016 WL 5349728, at *2 (D. Utah September 23, 2016) (unpublished) (collecting cases). However, the undersigned concludes that the exclusion of such time from costs ordered pursuant to Rule 37(a)(5) should be carefully limited. First, it should only apply to time exclusively devoted to the meet-and-confer process. For example, time spent reviewing matters with a client prior to a meet-and-confer is also valuable when later drafting the motion if the meet-and-confer is unsuccessful. Second, the time should only be excluded where the losing party engaged in **good faith** conferral efforts. Indeed, the fact that a party's position is later found not to be substantially justified as required for the imposition of fees under Rule 37(a)(5) is some evidence that the conferral efforts by that party were not in good faith.

With these considerations in mind, the Court rejects Plaintiff's objections listed as items e and f in his Response. *See doc. 67* at 2. The Court finds that these items were not exclusively devoted to the meet-and-confer process. With respect to the remaining objections, the Court will exclude 50% of those costs in recognition of Plaintiff's

imperfect conferral efforts. As a result, Plaintiff will not be made to pay $90.00 of the fees sought by Defendants and to which Plaintiff objects.

It is therefore ORDERED that Plaintiff shall pay Defendants $681.00 pursuant to Fed. R. Civ. P. 37(a)(5) and *doc. 61*.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE