# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EDWARDO BALDERRAMA,

      Plaintiff,

v.

No. 2:18-cv-00134-KRS-GBW

THE CITY OF ALAMOGORDO,
a Municipal Corporation, and MARGARET
PALUCH, individually and in her official
capacity as acting City Manager,

      Defendants.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

**THIS MATTER** comes before the Court on Plaintiff Edwardo Balderrama's motion for default judgment. (Doc. 80). Balderrama asserts that the City's 30(b)(6) designee, Kathryn Josselyn, falsely testified during her deposition that the City *never* waived minimum requirements for an employment position. Balderrama seeks judgment in his favor as a sanction for the alleged lie. Defendants contend Ms. Josselyn was mistaken in her testimony and attach her affidavit in which she explains she did not have the opportunity to review all recruitments—over 100 each year—prior to her deposition and overlooked that the City waived minimum requirements for the City attorney slot.

The parties agree that the Court considers five factors in determining whether it should exercise its inherent authority to grant judgment against Defendants as a sanction for abusive discovery tactics: (1) the degree of actual prejudice to the movant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the Court previously warned of a sanction; and (5) whether lesser sanctions would be effective. *Ehrenhaus v.*

1

*Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992). The Court disagrees that default judgment or other sanction is warranted.

In a decision granting Defendants summary judgment issued concurrently with this order, the Court determined that Balderrama, in fact, met the minimum qualifications for the Engineering Manager position. Thus, even if Ms. Josselyn misrepresented a past waiver, the misstatement was not material and could not have prejudiced Balderrama, because he did not need a waiver of qualifications to meet the minimum qualification for the Engineering Manager position. Ms. Josselyn's misstatement of fact caused little interference in the judicial process. Further, Ms. Josselyn averred she did not review all personnel files and that such review was not contemplated by the notice of deposition. The Court determines Ms. Josselyn most likely made a mistake and did not immediately recall the circumstances surrounding City attorney's recruitment. True, Ms. Josselyn was permitted to correct that error in the errata portion of the deposition transcript once the court reported provided it, but the Court is not convinced that Ms. Josselyn realized the oversight until the instant motion was filed.

As for the remaining factors, the Court has not previously threatened sanctions against Defendants. And to the extent any sanction would be warranted, it would be to exclude the challenged testimony. But since the Court concluded Defendants' statements as to Balderrama's supervisory experience were disputed in connection with ruling on the motion for summary judgment, it did not consider Ms. Josselyn's testimony that the City never waived minimum qualifications in its recruitment. Viewing the facts in the light most favorable to Balderrama, the Court took as true that Balderrama was qualified to be Engineering Manager and did not reach the issue of waiver. Notwithstanding Balderrama's qualifications, the City was still entitled to

judgment as a matter of law. In sum, on balance, the *Ehrenhaus* factors do not merit the sanction of default judgment in this matter.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for default judgement (Doc. 80) is **DENIED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent