IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


EDWARDO BALDERRAMA,

        Plaintiff,

v.

                                              No. 2:18-cv-00134-KRS-GBW

THE CITY OF ALAMOGORDO,
a Municipal Corporation, and MARGARET
PALUCH, individually and in her official
capacity as acting City Manager,

        Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING COUNT II OF PLAINTIFF'S COMPLAINT WITH PREJUDICE, AND DISMISSING COUNTS I AND III WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on Defendants City of Alamogordo and City Manager Margaret Paluch's[1] motion for summary judgment. (Doc. 39). They argue Plaintiff Edwardo Balderrama cannot establish a jury question on his claims for racial discrimination under federal and state law as well as breach of an implied employment contract when the City promoted Bob Johnson to the position of Engineering Manager instead of Balderrama. With the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. § 636(c); (Doc. 13), the Court has considered the parties' submissions and the record before it. Having done so, the Court concludes that as to his single cause of action under federal law, Balderrama fails to show the City's proffered reason for promoting Johnson over him—Johnson's superior

---

[1] The Court uses "City" to refer to both the City of Alamogordo and its Manager, Margaret Paluch. As is explained more fully below, there does not appear to be any real dispute that Ms. Paluch was the final policy maker in employment matters as contemplated by 42 U.S.C. § 1983. As such, her decision to promote Johnson over Balderrama is attributable to the City of Alamogordo for purposes of the analysis. Because the City is not alleged to have acted independently of the Manager, the City's acts are that of its Manager. Where a distinction in necessary, Ms. Paluch is referred to as the "City Manager."

1

qualifications—was a pretext for the City's true discriminatory animus. Because summary judgment is appropriate on Balderrama's only federal claim, the Court declines to exercise supplemental jurisdiction over the remainder of Balderrama's complaint. Accordingly, the Court **GRANTS** in part the City's motion for summary judgment, **DISMISSES** Count II of the complaint with prejudice, and **DISMISSES** Counts I and III without prejudice.

## BACKGROUND

### Facts

Balderrama began employment with the City in 1993 as a draftsman in the Engineering Department. (Doc. 1, Compl., ¶ 11; Doc, 39-1, Balderrama Dep., at 2). Since 2001, Balderrama has worked as a project manager. (*Id.*, at 2-3). Balderrama is Hispanic. (Doc. 76-2, Balderrama Dep., at 2).

After years of trying to recruit a City Engineer, the City decided in November 2016 to combine that position with the Contract Coordinator into a single job called "Engineering Manager." (Doc. 39-2, Josselyn Aff., ¶3-4; Doc. 76-1, Josselyn Dep., at 5). The City promoted Bob Johnson, a white male and the existing Contacts Coordinator, to the new position. (*Id.*, ¶¶ 5, 8; Doc. 76-2, at 2;). The City did not advertise for Engineering Manager or allow anyone to apply for the slot. (Doc. 39-3, Paluch Dep., at 3). Balderrama learnt of the new position and Johnson's selection in a meeting on November 3, 2016 when the City Manager announced Johnson's promotion. (Doc. 76-9, Balderrama Grievance; Doc. 76-5, Paluch Dep. at 5).

Balderrama believes the City was required, pursuant to its personnel policy, to officially create and authorize the position by formulating a job description as well as advertise it. The City insists its ordinances allowed the City to promote Johnson "for the good of the City" without posting or competitive selection. (Doc. 39-2, ¶7). On seven prior occasions, the City

2

"transferred, promoted or reclassified [employees] without posting or advertising the positions[.]" (*Id.*, at ¶11).

Combining the positions saved the City about $95,000 annually. (*Id.*, ¶ 9). "It was a consolidation of duties that made for more effective processes in management of major function." (Doc. 78-1, Paluch Dep., at 7). The City did not undertake a similar analysis for combining Balderrama's project-manager position, but in responses to subsequent written discovery identified a savings equal to or greater than with Johnson's previous position. (Doc. 76-4, at 2). The City did, however, consider Balderrama and another project manager in the Engineering Department for the new spot. (Doc. 39-3, at 3). In a job description approved *after* Johnson was selected, the City specified the Engineering Manager required three years of supervisory experience. (Doc. 39-2, ¶6). In the City's view, Balderrama did not possess this experience. (Doc. 76-1, at 8).

Balderrama is not and was "not directly responsible for any supervision" at the City. (Doc. 76-2, Balderrama Dep., at 3). At one point, Balderrama oversaw a GIS technician "for a brief time." (*Id.*). Indirectly, Balderrama supervises inspectors: he tell[s] them what [he] expect[s] from them on [his] projects" as the "eyes and ears in the field." (*Id.*, at 3-4). Balderrama lacks authority to discipline the inspectors, hire or fire them, or evaluate their performance. (*Id.*, at 4). Before his employment at the City, Balderrama supervised five "drafters" from 1986 to 1989 while working at Visions In Architecture in Albuquerque. (*Id.*). Ultimately, the City determined that Bob Johnson had "more relevant supervisory experience than the other internal candidates" and offered him the job on that basis. (Doc. 39-2, ¶ 7; Doc. 78-3, Paluch Dep., at 2).

**Procedure**

Balderrama filed suit on February 9, 2018. (Doc. 1). In his four-count complaint, Balderrama alleges the City's decision to promote Johnson over him amounts to racial discrimination prohibited by the New Mexico Human Rights Act and 42 U.S.C. § 1981 (Counts I and II), breaches an implied employment contract (Count III), and entitles him to punitive damages[2] against the Manager (Count IV). (Doc. 1). The City moves for summary judgment on all claims. (Doc. 39). The City Manager asserts entitlement to qualified immunity. (*Id.*).

### STANDARD OF REVIEW[3]

Qualified immunity entitles a municipal official sued under 42 U.S.C. § 1983 to avoid trial and the other burdens of litigation arising from the performance of her discretionary functions. *See Quinn v. Young*, 780 F.3d 998 (10th Cir. 2015). To give effect to the doctrine, the Court views the parties' respective burdens on summary judgment differently. *See Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008); *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1108 (10th Cir. 2008). To defeat qualified immunity on summary judgment, the plaintiff must

---

[2] Count IV is not a claim at all, but rather a request for relief. *See Mason v. Texaco, Inc*. 948 F.2d 1546, 1554 (10th Cir. 1991) ("A punitive damage claim is not an independent cause of action or issue separate from the balance of a plaintiff's case."). The Court does not consider it because as explained below, there are no viable federal claims that could possibly serve as a predicate for punitive damages.

[3] The Court recites the standard for qualified immunity because, as explained below, Balderrama's section 1981 claim necessarily arises under section 1983. While the City and Manager (in her official capacity) are not entitled to qualified immunity as a matter of law, the Manager (in her individual capacity) does benefit from the doctrine's protections. *See Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) ("Qualified immunity applies to claims for monetary relief against officials in their individual capacities[.]"). Nonetheless, because the Court concludes that Balderrama has not shown a statutory violation as to his federal discrimination claim, there is no need to reach the clearly established prong of the analysis. As a result, the distinction in parties and capacities is largely academic: since the determination of the statutory-violation prong is conterminous with analyzing the merits of the discrimination claim, the Court need not undertake a separate analysis as it relates to the City and Manger (in her official capacity). Under the traditional summary judgment standard, the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, [the Court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016). Under this standard or the modified qualified-immunity standard above, the City and Manager prevail because they establish the absence of a triable issue of material fact on the issue of pretext, which Balderrama does not rebut.

satisfy "a strict two-part test" by establishing with record evidence (1) "the defendant's actions violated a [federal statutory] right" and (2) that right was "clearly established at the time of the conduct at issue." *Clark*, 513 F.3d at 1222 (internal quotation marks and citation omitted). The Court may address the two prongs in whatever order it chooses "in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If a plaintiff satisfies the two-part test, then—and only then—does the official bear his or her traditional burden to show the absence of a triable issue of fact. *See Clark*, 513 F.3d at 1222.

## DISCUSSION

Balderrama's complaint raises a single federal claim: "Count II. Violation of civil rights (42 U.S.C. 1981, 1988)." (Doc. 1). Although Section 1981 prohibits workplace discrimination based on race, the statute does not reach state actors and municipalities. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1137 (10th Cir. 2006). "[T]he exclusive remedy against state actors . . . provided by § 1983 for the deprivations of any rights, privileges, or immunities secured by [federal statute] provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 712 (1989) (internal quotation marks omitted). The failure to specifically plead Section 1983 is usually not fatal, *see Bolden*, 441 F.3d at 1137, and in any event, the City construes Balderrama's complaint as arising under Section 1983.

A claim under Section 1983 employs the same analysis as suits under Title VII of the Civil Rights Act.[4] *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991)

---

[4] There is an additional consideration in Section 1983 cases. While in the private employment context a supervisor's decision not to promote and employee is attributable to the business entity on the basis *respondeat superior*, the same is not the case for a municipality. *Vogt v. City of Hays*, 844 F.3d 1235, 1251 (10th Cir. 2017). As is relevant here, a municipality is not liable for the acts of its supervisors unless the supervisor is a "final policy maker." *Id.* "Whether an individual is a final policymaker for purposes of § 1983 liability is a legal issue to be determined by the court based on state and local law." *Id.* (citations omitted). The parties devote no briefing to this

5

(explaining "the elements of a plaintiff's case are the same . . . whether that case is brought under §§ 1981 or 1983 or Title VII"). When a plaintiff alleges failure to promote as Balderrama does here and lacks direct evidence of discrimination, the Court applies the *McDonnell-Douglas* burden-shifting framework. *See Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1306 (10th Cir. 2005).

Under *McDonnel Douglas*, the plaintiff must first establish a genuine issue of material fact for each of the four elements of a *prima-facie* case of discrimination: (1) he belongs to a protected class; (2) he applied for and was qualified for the position; (3) he did not receive the promotion despite his qualifications; and (4) the position was subsequently filled or remained open. *See id*; *Kilcrease v. Domenico Transp. Co.*, 828 F.3d 1214, 1220 (10th Cir. 2016). If the plaintiff is successful, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its failure to promote. *See id.* Once the employer does so, the plaintiff must then show a triable issue that the employer's proffered reason is a pretext for its true discriminatory motive. *Id.*

## **Prima-Facie Case**

Several facts are undisputed:[5] Balderrama is Hispanic, the City did not select him to for to be Engineering Manager, and the City gave Bob Johnson, white, the job. Thus, Balderrama is

---

matter. Nonetheless, the issue is not dispositive here. First, Balderrama sued the City Manager in her individual capacity, which means at best dismissal of the City is warranted. Second, the City and its Manager appear to assume the City could be held liable. Finally, the City Manager testified at her deposition that she had "final policy making authority" for hiring and firing. (Doc. 76-5).

[5]The City is correct that Balderrama does not make argument as to each of the elements of his *prima facie* case. The Court could resolve the qualified-immunity analysis on this basis alone. *See Rojas v. Anderson*, 727 F.3d 1000, 1004 (10th Cir. 2013) (citation omitted) (upholding grant of qualified immunity where the plaintiff did not discuss *how* the right was infringed, argue that the "infringed right at issue was clearly established at the time of the allegedly unlawful activity," and provide citation to case law in support). Because the case is more easily and practically resolved on the merits, the Court does not reach Balderrama's failures in this regard.

left to show he is qualified for the position. The City maintains Balderrama lacked the three years of supervisory experience necessary for the job. The Court disagrees.

Contrary to the City's contentions, Balderrama adduces record evidence that he is qualified to be Engineering Manager. While he concedes he did not have direct supervisory experience while at he City of Alamogordo, Balderrama worked in Albuquerque where he supervised a team of drafters for four years in the 80s. The City attempts to pigeonhole Balderrama to supervisory experience within the City itself, but the City's 30(b)(6) designee did not include any such limitation on experience in her affidavit. Thus, there is a jury question whether Balderrama possessed sufficient supervisory experience for the job. In short, Balderrama presents a *prima-facie* case that the City unlawfully discriminated against him by promoting Johnson to the position of Engineering Manager.

## **Legitimate, Nondiscriminatory Reason**

Because Balderrama makes out a *prima-facie* case, a rebuttable presumption of discrimination arises. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). "The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." *Id.* This "burden is exceedingly light." *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 970 (10th Cir. 2017) (quotation omitted). Here, the City need only explain its decision not to promote Balderrama "in terms that are not facially prohibited by [Section 1981]." *Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (10th Cir. 2000). The Court may not question the wisdom, fairness, or even correctness of the employer's reason, but "whether [the decisionmaker] honestly believed those reasons and acted in good faith upon those beliefs." *Rivera v. City & Cty. of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004).

7

The City asserts that Bob Johnson was simply better qualified to be the Engineering Manager than Balderrama. The City's 30(b)(b) designee averred in her affidavit that "Bob Johnson had more relevant supervisory experience than other potential internal candidates[.]" (Doc. 39-2, ¶8). The Court concludes this evidence satisfies the City's minimal burden to offer a non-discriminatory reason for its decision *not* to hire Balderrama.

## **Pretext**

The plaintiff may show pretext "from evidence revealing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's explanation[.]" *Macon v. United Parcel Serv., Inc.,* 743 F.3d 708, 714 (10th Cir. 2014) (citation and quotation marks omitted). Here, Balderrama does not dispute Johnson's superior qualifications. Instead, Balderrama insists the City violated its personnel manual that requires it to advertise positions, allow employees to compete for the position, and then select the most qualified candidate. Although the parties argue at length about the City's personnel ordinance, they do not attach the relevant portions to their briefing. Ordinarily, the Court could take judicial notice of the ordinance, but the effective date of the only readily available version is January 19, 2018. *See* Alamogordo Ord. No. 1547, App'x B, Personnel Manual, available at https://library.municode.com/nm/alamogordo/codes. Johnson's promotion occurred in November 2016, and it is not incumbent on the Court to determine what personnel polies applied during that period. Nor are the parties' characterizations of the policies the best evidence of them or helpful to meaningful judicial review.

Whether the City was obligated to post the Engineering Manager position is, however, largely beside the point. Balderrama does not point to any *federal* law, and the Court could find none, that requires an employer to advertise a position. Even if such a statute did exist, it is

8

unclear that that the remedy would be rebuttal of an employer's otherwise supported legitimate, nondiscriminatory reason for not promoting someone. The Tenth Circuit has held as much. *See Randle v. City of Aurora*, 69 F.3d 441, 454 (10th Cir. 1995). In *Randle*, the city "did not announce the opening of the Administrator's position even though the [c]ity's practice, as reflected in Section 1-2 of its Personnel Manual, was that permanent positions shall be announced internally." *Id.* at 454. The court of appeals declined to take this failure as evidence of pretext. *Id.* The court reasoned "the [c]ity is not offering its procedures as a reason for its ultimate decision to promote Gilmore, rather than Randle, to the Administrator's position" and noted that "[t]he [c]ity apparently promoted Gilmore because she was the most qualified candidate." *Id.* Because the plaintiff "offered no evidence suggesting that this reason was pretextual—i.e., that she was more qualified for the position," the plaintiff "failed to show how the City discriminated against her" by not posting the job. *Id.* at 455.

Despite Balderrama's attempts to distinguish *Randle*, he does not establish a factual dispute that he was more qualified than Bob Johnson. As Balderrama correctly points out, the plaintiff in *Randle* did establish pretext. What Balderrama does not appreciate, however, is that the plaintiff in *Randle* did not demonstrate pretext on *all* of the claimed acts of discrimination, most notably the one involving the failure-to-post theory. Thus, *Randle* is materially indistinguishable, and Balderrama does not survive summary judgment. While Balderrama successfully carried his *prima facie* burden, he does not show he was more qualified than Bob Johnson, who had served for many years in a supervisory capacity as the Contracts Coordinator.

### State-Law Claims

The Court declines to exercise supplemental jurisdiction over Counts I and III of Balderrama's complaint. These claims arise under New Mexico law. *See* 28 U.S.C. §

1367(c)(3); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). Although the decision is discretionary, it is favored practice to "dismiss supplemental state law claims after all of the federal claims have been dismissed." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). The Court does not discern any reason to depart from this general rule and therefore dismisses Counts I and III without prejudice to Balderrama bringing these causes of action in the New Mexico courts.

## CONCLUSION

For the reasons above, Balderrama has not established that the City's stated reason for not promoting him to Engineering Manager—Bob Johnson was better qualified—was a pretext masking the City's true discriminatory motive. Because Balderrama has not created a factual dispute on this aspect of sole federal claim, the Court grants summary judgment in the City's favor and declines to exercise supplemental jurisdiction over the remainder of Balderrama's complaint.

**IT IS, THEREFORE, ORDERED** that Defendants' motion for summary judgment (Doc. 39) is **GRANTED in part** and Count II of Plaintiff's complaint is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Counts I and III of Plaintiff's complaint are **DISMISSED without prejudice**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent